IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 23-162-BAH-1 |
| | : | |
| HEATHER KEPLEY, | : | |
| | : | |
| Defendant. | : | |

## UNOPPOSED MOTION TO SEAL

Defendant, Heather Kepley, by and through her undersigned counsel, Conor Wilson, Assistant Federal Public Defender, hereby moves to seal Exhibit B to the Defendant's Sentencing Memorandum, the psychological evaluation prepared by Dr. Laura Cooney-Koss, Psy.D., and in support of the motion states as follows:

1. Heather Kepley is scheduled to be sentenced on Thursday, November 9, 2023, at 9:00 a.m. before the Honorable Judge Beryl A. Howell.

2. Counsel retained the services of Dr. Laura Cooney-Koss, Psy.D., to evaluate Ms. Kepley in preparation for sentencing. Dr. Cooney-Koss submitted her report on October 27, 2023. The report contains personal and sensitive protected medical and mental health information, including details obtained during three clinical interviews of Ms. Kepley. Dr. Cooney-Koss administered the Minnesota Multiphasic Personality Inventory – 3 (MMPI-3), a test that assesses major symptoms of psychopathology, as well as personality characteristics and behavioral proclivities, and offers her concluding opinions.

3. The United States Court of Appeals for the District of Columbia Circuit has recognized that "there is a 'strong presumption in favor of public access to judicial proceedings,' including judicial records." *In re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980)). "But this presumption 'may be outweighed by competing interests.'" *United States v. Munchel*, 567 F.Supp.3d 9, 14 (D.D.C. 2021) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017)). "To balance the public and private interests at stake, courts in this Circuit apply a six-factor test crafted by the D.C. Circuit in *Hubbard*." *Id.* (quoting *In re Leopold*, 964 F.3d at 1131). "The *Hubbard* test considers: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *United States v. Torrens*, 560 F.Supp.3d 283, 290 (D.D.C. 2021) (quoting *In re Leopold*, 964 F.3d at 1131).

4. The *Hubbard* factors support sealing Ms. Kepley's psychological evaluation. The first factor, "the need for public access," supports sealing. "The public has an interest in understanding the conduct underlying the charges in [cases arising from the events of January 6, 2021], as well as the government's prosecutorial decision-making in bringing criminal charges and resolving these charges by entering into plea agreements with defendants." *Torrens*, 560 F.Supp.3d at 293. Ms. Kepley has not objected to the public release of the evidence against her, and her sentencing hearing will be open to the public. The second factor, "the extent of previous public access to the documents," similarly supports sealing. Ms. Kepley's psychological report

has never been publicly disclosed. Third, Ms. Kepley objects to the disclosure of her protected medical information. Fourth and fifth, "the strength of any property interests and privacy interests asserted" and "the possibility of prejudice to those opposing disclosure" weigh in favor of sealing the psychological evaluation. Ms. Kepley's privacy interest in her medical information is great. Sixth, and finally, "the purposes for which the documents were introduced during the judicial proceedings" weigh in favor of sealing the psychological evaluation. Ms. Kepley offers the psychological report for the Court's consideration at her sentencing hearing, and undersigned counsel will discuss aspects of the report on the public record.

5. Counsel seeks leave of the Court to file Exhibit B to the Defendant's Sentencing Memorandum under seal.

6. Assistant United States Attorney Michael Barclay has informed counsel that the government has no objection to the instant motion.

WHEREFORE, Ms. Kepley requests that the Court grant her unopposed motion to seal.

Respectfully submitted,

ELENI KOUSOULIS
Federal Public Defender

DATED:  October 30, 2023

/s/ *Conor Wilson*
CONOR WILSON, ESQUIRE
Assistant Federal Public Defender
Office of the Federal Public Defender
District of Delaware
800 King Street, Suite 200
Wilmington, DE 19801
302-573-6010
de_ecf@fd.org